IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ACCREDITED SURETY AND CASUALTY COMPANY INC., § § § | |
| Plaintiff, § § | |
| V. § | No. 3:24-cv-1009-BN |
| § | |
| TFORCE LOGISTICS, INC. f/k/a DYNAMEX, INC., § § § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER DENYING
WITHOUT PREJUDICE MOTIONS TO SEAL**

After the parties consented in writing, this case was ordered transferred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of judgment, under 28 U.S.C. § 636(c). *See* Dkt. No. 28.

Plaintiff Accredited Surety and Casualty Company, Inc. ("Accredited") has moved for summary judgment on the issue of recoupment. *See* Dkt. Nos. 38 & 39.

Accredited also moves for leave to file under seal an exhibit in support of the summary judgment motion, "a financial document that includes confidential and proprietary business information not only for Accredited but for third parties who are not involved in this lawsuit," and, so, "Accredited seeks to file the entire [agreement] under seal so it does not violate its agreement with [the third party]," an agreement that does indeed contain a confidentiality provision. Dkt. No. 40.

Consistent with this request, Accredited's proposed public redacted version of the exhibit blackens out almost the entire agreement.

But Accredited's submissions on sealing do not support sealing the entire agreement where the United States Court of Appeals for the Fifth Circuit "require[s] information that would normally be private to become public by entering the judicial record," *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022), and, so, it has directed district courts to "undertake a case-by-case, document-by-document, **line-by-line** balancing of the public's common law right of access against the interests favoring nondisclosure" and to explain their sealing decisions "at a level of detail that will allow for [appellate] review," *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (cleaned up; emphasis added); *see also I F G Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023) ("We recently instructed that courts should be ungenerous with their discretion to seal judicial records and warned that we heavily disfavor sealing information placed in the judicial record. In light of these admonitions, it is clear that this record was over-sealed" where the district court's "orders fail to acknowledge the public interest in access to judicial records and fail to articulate any reasons that would support sealing." Consequently, "[t]hese orders must be vacated." (cleaned up)).

Considering these requirements,

> [a]lthough the Court appreciates that litigants often seek to seal confidential documents received from their adversaries or nonparties, appropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access. And while an issued protective order may justify secrecy outside the adjudicative process, once a party presents matters for resolution through the adjudicative process, the party must satisfy the more arduous standard for making a filing under seal.

*Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at

\*9 (W.D. Tex. Mar. 1, 2022); *see also United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 3:19-cv-920-B, 2023 WL 6543545, at \*2 (N.D. Tex. Oct. 5, 2023) ("The public's right of access here is not absolute. The Court notes the [redacted] carrier's name does not provide a basis for summary judgment, diminishing the importance of public access. Unlike the sealing at issue in *Le*, the redaction to the carrier's name is tailored to the non-disclosure interest asserted, leaving all other information contextualizing Exhibit O available to the public. The public also retains access to all of the data in Exhibit O. Indeed, it is difficult to imagine a compelling public interest in accessing the carrier's name…. Having conducted a 'line-by-line balancing' of interests, the Court concludes the requested redaction is warranted. The tailored redaction is 'congruent to the need' to protect HMS's relationship with the insurance carrier as it leaves all other information related to the carrier available to the public." (cleaned up)).

That is, while the agreement that Accredited seeks leave to file as a judicial record entirely under seal contains a confidentiality provision and may contain confidential and proprietary business information that itself may not provide a basis for summary judgment – and thus the balance may weigh against the public's right of access to this information – Accredited has not shown that the entire judicial record should be sealed where it has not first shown why certain sensitive business information not relevant to its motion for summary judgment cannot just be redacted, "leaving all other information contextualizing [the agreement and relevant to the Court's decision on summary judgment] available to the public." *Frey*, 2023 WL

6543545, at *2.

The Court therefore DENIES WITHOUT PREJUDICE Accredited's motions to seal [Dkt. Nos. 40 & 41] but will keep the sealed submissions under seal for now to allow Accredited time to file a motion to seal that conforms with controlling circuit precedent, as further explained in the Standing Order on Filing Material Under Seal [Dkt. No. 29].

SO ORDERED.

DATE: December 3, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE